IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAJPAL BANDARAPALLI | ) | CASE NO. 1:10CV1304 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| EILEEN T. GALLAGHER | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Rajpal Bandarapalli filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Cuyahoga County, Ohio Common Pleas Court Judge Eileen T. Gallagher. Pending against him in Cuyahoga County Common Pleas Court are charges of three counts of promoting prostitution in violation of R.C. 2907.22A and one count of possession of criminal tools in violation of R.C. 2923.24A. *State of Ohio v. Bandarapalli*, Case No. CR-10-533200. He alleges that he was deprived of his right to due process of law when the Judge revoked his bail based on his race and *pro se* status. Plaintiff seeks $750,000.00 in compensatory damages and punitive damages in the amount of $500,000.00.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing

that federal question jurisdiction is divested by unsubstantial claims).

Judge Gallagher is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Gallagher acted outside the scope of her official duties. Judge Gallager definitely acted within the scope of herofficial duties in presiding over Plaintiff's court case.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**


Date: August 16, 2010              *s/    James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE